# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| KENT W. JACKSON, | ) | Case No. 11-02340 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | Hearing Date: Wednesday, October 9, 2013, at 10:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, October 9, 2013** at **10:00 a.m.**, or as soon thereafter as counsel may be heard, I will appear before the Honorable Eugene R. Wedoff, or any judge sitting in his stead, in Courtroom 744 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the *First and Final Application for Allowance of Compensation for Perkins Coie LLP, Counsel for Brian Audette, Trustee for the Chapter Seven Bankruptcy Estate of Kent W. Jackson*, at which time and place you may appear as you see fit.

Dated:  September 6, 2013          **BRIAN A. AUDETTE, Chapter 7 Trustee**


                              By: */s/ Charles R. Gibbs, Jr.*
                                Counsel for Brian A. Audette, Trustee

Charles R. Gibbs, Jr. (ARDC #6309075)
**PERKINS COIE LLP**
131 South Dearborn Street, Suite 1700
Chicago, Illinois  60603
Tel.: (312) 324-8463
Fax: (312) 324-9463

# **CERTIFICATE OF SERVICE**

Charles R. Gibbs, Jr., an attorney, hereby certifies that on September 6, 2013, he caused the foregoing *Notice of Motion of the First and Final Application for Allowance of Compensation for Perkins Coie LLP, Counsel for Brian Audette, Trustee for the Chapter Seven Bankruptcy Estate of Kent W. Jackson* to be filed via the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered users.

                                    */s/ Charles R. Gibbs, Jr.*
                                    Charles R. Gibbs, Jr.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | |
| KENT W. JACKSON, | ) | **Case No. 11-02340** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |
| | ) | **Hearing Date: Wednesday, October 9, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION FOR PERKINS COIE LLP, COUNSEL FOR BRIAN A. AUDETTE, TRUSTEE FOR THE CHAPTER SEVEN BANKRUPTCY ESTATE OF KENT W. JACKSON**

Perkins Coie LLP ("Perkins"), as counsel to Brian A. Audette, not individually, but solely in his capacity as chapter 7 trustee ("Trustee") for the bankruptcy estate of Kent W. Jackson ("Debtor") in the above-captioned bankruptcy case ("Trustee"), and pursuant to sections 330, 331 and 504 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules) and Local Rule 5082-1 of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules") submits this first and final application (the "Application") for allowance of final compensation for services rendered and reimbursement of expenses incurred as counsel to the Trustee for the period December 11, 2012 through May 31, 2013 (the "Application Period") and respectfully requests an order awarding it final compensation of $3,407.00 for professional services and reimbursement of its ordinary and necessary costs of $91.73, for total compensation of $3,498.73. IN support of the Application, Perkins states as follows.

**I.     Background**

1. On January 21, 2011, Debtor filed a Chapter 13 petition to initiate the above-captioned bankruptcy case.

2. On April 29, 2011, Debtor's case was converted to Chapter 7 of the Bankruptcy Code and Brian A. Audette was appointed Chapter 7 Trustee.

3. On January 11, 2012, this Court issued its Order granting Trustee's motion to sell real property belonging to the debtor located in Winnetka, Illinois (the "Property"). Pursuant to that order, among other things, Trustee was authorized to satisfy all undisputed lien claims against the Property with remaining and/or disputed liens would attached to the sale proceeds. In addition to two senior liens that Trustee satisfied with the sale proceeds, Debtor's Schedules of Assets and Liabilities listed a lien against the Property in the amount of $70,000 (the "Lien") purportedly held by Ryan Alex, Inc. ("Ryan Alex").

4. On January 16, 2013, this Court entered an Order granting Trustee's application to employ PC as Trustee's counsel, retroactive to December 11, 2012.

5. The Department of Justice (the "DOJ") disputed that Ryan Alex was the rightful holder of the Lien, that the DOJ was entitled to the proceeds from the Property's sale sufficient to satisfy the Lien, and requested that he Trustee not disburse any funds to Ryan Alex until the Lien dispute was resolved. Thereafter, Trustee, the DOJ and Ryan Alex engaged in discussions and negotiations to resolve the Lien, which resulted in a Settlement and Release Agreement (the "Settlement Agreement") whereby the parties agreed that the DOJ should be paid $59,552.17 (the "Settlement Payment") in full satisfaction of the Lien and Ryan Alex would release all claims against the Property.

6. On May 1, 2013, the Court entered an order approving the Settlement Agreement. Thereafter, Trustee delivered the Settlement Payment to the DOJ.

**II. Nature Of Legal Services Performed**

7. Perkins has served as counsel for since December 11, 2013 and it has devoted time to the following legal services:

**A. Employment and Professional Persons**

8. During the Application Period, Perkins attorneys and paraprofessionals prepared an application to retain Perkins as Trustee's counsel and they presented that application to the Court. Perkins attorneys and paraprofessionals also reviewed all summaries of Perkins' bills to ensure the accuracy of such bills and they drafted this Application. In connection with the foregoing services, Perkins expended 3.1 hours for which it requests compensation of $1,054.00. An itemized breakdown of services rendered to Trustee during the Application Period is attached hereto as Exhibit A-1.

**B. Lien Investigation And Litigation**

9. During the Application Period, Perkins attorneys reviewed and investigated the Lien, engaged in extensive discussions with the DOJ and Ryan Alex, prepared the Settlement Agreement and obtained the Court's approval of the Settlement Agreement. In connection with the foregoing services, Perkins expended 6.3 hours for which it requests compensation of $2,353.00. An itemized breakdown of services rendered to Trustee during the Application Period is attached hereto as Exhibit A-2.

**III. Statement Of Expenses**

10. During the Application Period, Perkins incurred expenses for, among other things, photocopying (at 10 cents per page), postage and delivery charges. During the Application Period, Perkins incurred costs totaling $91.73. Invoices listing expenses incurred by Perkins during the Application Period are attached hereto as Exhibit B.

3

**IV.    Federal Rule 2016 Statement**

11. All of the services performed by Perkins were required for the proper representation of Trustee in this case, were authorized by the Court, and were performed by Perkins at the request and/or direction of Trustee. Pursuant to section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Perkins' services are compensable.

12. There has been little, if any, duplication of services by the attorneys or paraprofessionals of Perkins. In those instances where two or more attorneys and/or paraprofessionals participated in any matter, such joint participation was necessary because of the complexity of the problem, allocation of work responsibility or work involved and/or the time constraints that existed.

13. The rates at which Perkins seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other Perkins clients.

14. No agreement exists between Perkins and any third person for the sharing of compensation received by Perkins in these cases, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Perkins.

15. Attached hereto as <u>Exhibit C</u> is the declaration of Brian A. Audette attesting to, among other things, the accuracy of the information set forth in Group Exhibit A and Exhibit B of this Application.

**WHEREFORE**, Perkins Coie LLP, counsel to Trustee herein, requests that the Court enter an order authorizing and approving:

A. Final compensation in the amount of $3,407.00 for professional services rendered to Trustee by Perkins during the Application Period;

B. Final reimbursement of Perkins' ordinary and necessary costs of $91.73 incurred during the Application Period;

C. Authorizing and directing Trustee to pay to Perkins the fees and expenses awarded to Perkins by the Court; and

D. Such other and further relief as the Court may deem just and equitable under the circumstances.

DATED: September 6, 2013

By: */s/ Charles R. Gibbs, Jr.*
Counsel for Brian A. Audette, Trustee

Charles R. Gibbs, Jr. (ARDC #6309075)
**PERKINS COIE LLP**
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603
Tel.: (312) 324-8463
Fax: (312) 324-9463

**EXHIBIT A(1)**

87955-0001/LEGAL26852714.2

**PERKINS COIE LLP**
September 6, 2013
Invoice No. 32652

Invoice No. 32652

For professional services rendered with regard to:

Re:   <u>Professional Retention</u>

| | | |
|---|---|---|
| December 11, 2012 | C. Gibbs | Draft retention application in Jackson chapter 7 (.7); |
| December 12, 2012 | C. Gibbs | Revise retention application in Jackson (.3); complete proposed order (.2); incorporate changes and edits (.1); |
| December 13, 2012 | C. Gibbs | Finalize retention application (.4); |
| January 16, 2013 | C. Gibbs | Appear on Trustee's motion to retain counsel (.4); |
| May 28, 2013 | C. Gibbs | Prepare fee application for trustee's counsel (1.0); |

**<u>TIMEKEEPER SUMMARY</u>**

| <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>FEES</u> |
|---|---|---|---|
| C. Gibbs | 3.1 | $340.00 | $1,054.00 |
| TOTAL HOURS | 3.1 | | |
| TOTAL FEES | | | <u>$1,054.00</u> |
| **TOTAL FEES** | | | **$1,054.00** |

7

**EXHIBIT A(2)**

87955-0001/LEGAL26852714.2

**PERKINS COIE LLP**
September 6, 2013
Invoice No. 33459

Invoice No. 33459

For professional services rendered with regard to:

Re: <u>Lien Investigation and Litigation</u>

| Date | Timekeeper | Description |
|---|---|---|
| January 24, 2013 | C. Gibbs | Prepare settlement agreement regarding SBA loan (1.8); |
| January 25, 2013 | B. Audette | Review and revise release with Ryan Alex and SBA (.4); correspondence with C. Gibbs regarding same (.1); |
| February 8, 2013 | C. Gibbs | Correspondence with Ryan Alex counsel regarding settlement agreement (.2); |
| February 15, 2013 | C. Gibbs | Telephone conference with counsel for Ryan Alex regarding settlement agreement (.3); |
| February 19, 2013 | C. Gibbs | Telephone conversation with counsel for Ryan Alex regarding client's position on joint settlement agreement (.2); |
| March 12, 2013 | B. Audette | Correspondence with J. Stewart regarding release (.2); |
| March 12, 2013 | C. Gibbs | Email correspondence with counsel for Ryan Alex regarding approval of settlement agreement (.1); |
| March 15, 2013 | C. Gibbs | Email communications with SBA/DOJ and Ryan Alex attorneys (.3); edit proposed settlement agreement with same (.4); |
| March 18, 2013 | C. Gibbs | Email communications with J. Stewart, Department of Justice regarding Ryan Alex settlement agreement (.2); |
| March 20, 2013 | C. Gibbs | Prepare motion to approve settlement with DOJ and Ryan Alex (.8); |
| April 2, 2013 | C. Gibbs | Review and revise draft of 9019 motion for settlement of Ryan Alex matter (.2); |
| April 30, 2013 | D. Gold | Prepare for and attend hearing on motion to approve compromise (.8); |
| May 9, 2013 | C. Gibbs | Coordinate payment of settlement amounts pursuant to agreement with DOJ and Ryan Alex (.3); |

**TIMEKEEPER SUMMARY**

| TIMEKEEPER | HOURS | RATE | FEES |
|---|---|---|---|
| C. Gibbs | 4.8 | $340.00 | $1,632.00 |
| D. Gold | 0.8 | $420.00 | $336.00 |
| B. Audette | 0.8 | $550.00 | $385.00 |

9

| | | |
|---|---|---|
| TOTAL HOURS | 6.3 | |
| TOTAL FEES | | $2,353.00 |
| | **TOTAL FEES** | **$2,353.00** |

# EXHIBIT B

87955-0001/LEGAL26852714.2

**PERKINS COIE LLP**
September 6, 2013
Invoice No. 32920

## EXPENSE SUMMARY

Invoice No. 32920

For professional services rendered with regard to:

Re:     General - Costs Only

**DISBURSEMENTS**

| | | |
|---|---|---|
| January 13, 2012 | Air express charge | $25.43 |
| January 24, 2012 | Certified copies | $55.00 |
| February 1, 2012 | Certified copies | $11.30 |

**DISBURSEMENTS SUMMARY**

| | |
|---|---|
| Air express charge | $25.43 |
| Certified copies | $66.30 |
| **TOTAL DISBURSEMENTS** | $91.73 |

12

87955-0001/LEGAL26852714.2

**EXHIBIT C**

87955-0001/LEGAL26852714.2

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | |
| KENT W. JACKSON, | ) | **Case No. 11-02340** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |

**STATE OF ILLINOIS** )
                             ) SS
**COUNTY OF COOK** )

I, Brian A. Audette, on oath, state as follows:

1. I have been a partner with the law firm of Perkins Coie LLP ("PC") from 2008 through the present, including at all times relevant to this Application, and I am the Trustee for the above-referenced Debtor.

2. This affidavit is submitted in support of the First and Final Application for Allowance of Compensation for PC (the "Application").

3. In the ordinary course of PC's business, the attorneys and paralegals rendering services for a client prepare timesheets at or about the time the services are rendered, which timesheets list the client, matter number, a description of the services rendered and the time spent on such services.

4. In the ordinary course of PC's business, the information on the timesheets is entered into PC's computer system.

5. In the ordinary course of PC's business, a pro forma is generated at the end of each month for each client, which is forwarded to the billing partner for his or her review.

6. In the ordinary course of PC's business, the billing partner reviews the pro forma.

14

7. In the ordinary course of PC's business, a bill is prepared by computer and sent to the client.

8. I have segregated the amount of time expended as Trustee from the amount of time I have expended acting as an attorney in this case.

9. I personally reviewed the pro formas for this estate each month and am familiar with PC's efforts in connection with the instant bankruptcy proceeding.

10. I have reviewed Exhibits A and B to the Application, and they are based upon documents as aforesaid, which are made in the ordinary course of PC's business, and it is part of the ordinary course of PC's business to prepare such documents.

11. To the best of my knowledge, the information set forth on Exhibits A and B and their subparts is true and correct.

*/s/ Brian A. Audette*
Brian A. Audette

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT

15