**FILED**

**OCT - 9 2013**

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
) Case No. 11 B 02340
KENT W. JACKSON )
)
) Chapter 7
)
Debtor. )
)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO PERKINS COIE LLP, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $3,407.00 | TOTAL COSTS REQUESTED: | $91.73 |
| TOTAL FEES REDUCED: | $186.65 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $3,220.35 | TOTAL COSTS ALLOWED: | $91.73 |

**TOTAL FEES AND COSTS ALLOWED: $3,312.08**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(2)    **Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

Dated: October 9, 2013

_____
Eugene R. Wedoff
United States Bankruptcy Judge

PERKINS COIE LLP
September 6, 2013
Invoice No. 32652

Invoice No. 32652

For professional services rendered with regard to:

Re:     Professional Retention

| Date | Timekeeper | Description |
|---|---|---|
| December 11, 2012 | C. Gibbs | Draft retention application in Jackson chapter 7 (.7); |
| December 12, 2012 | C. Gibbs | Revise retention application in Jackson (.3); complete proposed order (.2); incorporate changes and edits (.1); |
| December 13, 2012 | C. Gibbs | Finalize retention application (.4); |
| January 16, 2013 | C. Gibbs | Appear on Trustee's motion to retain counsel (.4); |
| May 28, 2013 | C. Gibbs | Prepare fee application for trustee's counsel (1.0); |

**TIMEKEEPER SUMMARY**

| TIMEKEEPER | HOURS | RATE | FEES |
|---|---|---|---|
| C. Gibbs | 3.1 | $340.00 | $1,054.00 |
| TOTAL HOURS | 3.1 | | |
| TOTAL FEES | | | $1,054.00 |

**TOTAL FEES**                                            **$1,054.00**

$\frac{\$340.00 \text{ (amt for fee apps)}}{\$3,067.00 \text{ (amt for other matters)}} = 11.09\% \leftarrow ②$

$\$3,067 \times .05 = \$153.35 \rightarrow$ max. amt. allowable for fee app

$\$340 - \$153.35 = \$186.65 \rightarrow$ amt of deduction from total

7

87955-0001/LEGAL26852714.2